DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
WILLIAM S. HABDAS, ESQ.
Nevada Bar No. 13138
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone:   (702) 634-5000
Facsimile:    (702) 380-8572
Email:  darren.brenner@akerman.com
Email:  william.habdas@akerman.com

IRA S. SACKS, ESQ.
New York Bar No. 1040237 (*pro hac vice pending*)
MARK S. LAFAYETTE, ESQ.
New York Bar No. 1969054 (*pro hac vice pending*)
SCOTT M. KESSLER, ESQ.
New York Bar No. 4242905 (*pro hac vice pending*)
ERIKA STALLINGS, ESQ.
New York Bar No. 4958047 (*pro hac vice pending*)
666 Fifth Avenue, 20th Floor
New York, New York 10103
Telephone:   (212) 880-3800
Facsimile:    (212) 880-8965
Email:  ira.sacks@akerman.com
Email:  mark.lafayette@akerman.com
Email:  scott.kessler@akerman.com
Email:  erika.stallings@akerman.com

*Attorneys for Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SITESTAR CORPORATION<br><br>                          Plaintiff,<br><br>v.<br><br>JEFFREY I. MOORE, JULIA H. MOORE, JAY B. MOORE, WILLIAM T. MAY, ANNA K. MAY, M&M INVESTMENTS, ARQUITOS CAPITAL PARTNERS, LP, ARQUITOS CAPITAL MANAGEMENT, LLC, STEVEN I. KIEL, ALESIA VALUE FUND LLC, ALESIA ASSET MANAGEMENT LLC, CHRISTOPHER OLIN, JEREMY K. GOLD, THOMAS R. BRAZIEL, JEREMY K. DEAL, RODNEY LAKE, TOBIAS B. SHUTE and DAVID WATERS<br><br>                          Defendants. | Case No.:   2:15-cv-00165<br><br><br>**COMPLAINT** |

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{30266166;1}

Plaintiff, Sitestar Corporation ("Sitestar" or the "Company"), by its undersigned counsel, alleges upon knowledge as to itself and its own acts and otherwise upon information and belief, as follows:

1.     As more fully set forth below, jurisdiction over the subject matter of this action is based upon 28 U.S.C. §§ 1331, 1332, 1367 and § 27 of the '34 Act, 15 U.S.C. § 78aa. This action arises under §§ 13(d) and 14(a) of the '34 Act, 15 U.S.C. §§ 78m(d), 78n(a) and the rules and regulations promulgated thereunder by the SEC.

2.     Sitestar brings this action for injunctive and declaratory relief against Defendants in connection with the definitive proxy statement filed by Defendants on January 20, 2015 calling for a special shareholders meeting on February 12, 2015, as well as numerous improper Schedules 13D. Defendants plan to elect a slate of nominees to Sitestar's board in order to make major changes in Sitestar's business and corporate structure and to otherwise change or influence the control of Sitestar, for their own benefit, to turn a quick profit and move on to other investments. In carrying out their plan, Defendants have violated §§ 13(d) and 14(a) of the Securities Exchange Act of 1934 (the "'34 Act") and the rules and regulations of the Securities and Exchange Commission ("SEC") promulgated thereunder.

3.     The securities laws require Defendants to disclose information that shareholders need to make decisions with respect to their investment. Section 13(d) of the '34 Act requires any person acquiring beneficial ownership of more than five percent (5%) of a corporation's common stock to disclose, within ten (10) days of the acquisition, information as to the number of shares beneficially owned, any plans or proposals with respect to the issuer and information as to any contracts, arrangements, understandings or relationships with any person relating to the issuer.

4.     To prevent groups of investors from secretly coordinating their efforts, Section 13(d) provides that if two or more shareholders act as a group for the purpose of acquiring, holding or disposing of securities of an issuer, such group (a "Group") shall be deemed a person and be required to make disclosures within 10 days of collectively acquiring more than 5 percent of the issuer's stock.

5.     Schedule 13D is the form required to be completed to comply with § 13(d).

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

6.      Similarly, § 14(a) of the '34 Act and Rule 14a-9 prohibit any person from soliciting proxies on the basis of false and/or misleading information in order to enable shareholders to make an informed choice when voting their proxies. Schedule 14A is the official form for compliance with Section 14(a), which governs the solicitation of proxies. Schedule 14A requires anyone who would solicit proxies to disclose, among other things, the number of shares of the issuer which are beneficially owned and information as to any contracts, arrangements, understandings or relationships with any person with respect to that interest.

7.      Defendants are attempting to change or influence control of Sitestar. Defendants secretly coordinated efforts with respect to their interests in Sitestar among themselves and with others, as part of a plan to change or influence control of Sitestar by acquiring a large stake in Sitestar while evading the reporting requirements of the securities laws.

8.      Defendants, in smaller Groups and as an overall Group, acquired more than 5 percent of Sitestar common stock, in excess of the statutory threshold, without making the disclosures required by the securities laws.

9.      Defendants Jeffrey I. Moore, Julia H. Moore, Jay B. Moore, William T. May, Anna K. May and  M&M Investments (the "Moore Defendants") formed a Group for purposes of the securities laws, including § 13(d), on or before January 18, 2012.  That Group was not timely disclosed.

10.     The Schedules 13D filed by the Moore Defendants on or about May 31, 2012 and June 13, 2012 are materially false and misleading. The Moore Defendants failed to disclose, among other things, the extent of Defendants' coordinated efforts and their contracts, arrangements, understandings or relationships relating to shares of Sitestar, and Defendants' plans to change or influence control of Sitestar. That Schedule 13D indicates that the purpose of the transactions was investment. That was false; the purpose was control.

11.     Defendants Arquitos Capital Partners, LP, Arquitos Capital Management, LLC and Steven I. Kiel (the "Kiel Defendants") joined the Moore Defendants in a Group for purposes of the securities laws, including § 13(d), as early as September 2012, and surely no later than June 29, 2013.  That Group was not timely disclosed.

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP

1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

12.     Defendants Alesia Value Fund LLC, Alesia Asset Management LLC, Christopher Olin and Jeremy K. Gold (the "Gold Defendants") joined the Moore Defendants and the Kiel Defendants in a Group for purposes of the securities laws, including § 13(d), as early as June 2013, and surely no later than December 2013.  That Group was not timely disclosed.

13.     The Schedule 13D filed by the Moore Defendants, dated July 1, 2013, was false and misleading.  It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Kiel and Gold Defendants in the Group.

14.     On September 24, 2013, Arquitos president Steven Kiel held a conference call with Frank Erhartic and Daniel Judd, the Sitestar CEO and CFO, respectively.  Kiel suggested holding a shareholder meeting and adding Mr. Moore as a director, confirming the Group status of the Kiel Defendants and the Moore Defendants.

15.     Moore was added to the Sitestar Board on October 21, 2013, with a term to last until the Company's next shareholder meeting.  The Board held two meetings in December 2013.

16.     On January 3, 2014, the Kiel Defendants and JDP Capital Management, an entity controlled by Jeremy Deal, delivered a letter to Frank Erhartic, the CEO and largest shareholder of Sitestar, offering to purchase no less than twelve million (12,000,000) shares from him personally. That plainly indicated the control purpose of the Kiel Defendants, and that JDP Capital Management and Jeremy Deal were part of a Group for purposes of the securities laws, including § 13(d).  No Schedule 13D was filed.

17.     The Schedule 13D filed by the Moore Defendants, dated January 29, 2014, was false and misleading.  It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Kiel Defendants and Gold Defendants in a Group with the Moore Defendants.

18.     The Schedule 13D filed by the Kiel Defendants, dated April 16, 2014, was false and misleading.  It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Moore Defendants and Gold Defendants, as well as JDP Capital Management and Jeremy Deal, in a Group with the Kiel Defendants.

{30266166;1}                                         4

19.     The Schedule 13D filed by the Moore Defendants, based on an event dated April 17, 2014, was false and misleading.  It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Kiel Defendants and Gold Defendants in a Group with the Moore Defendants, despite "communications with other shareholders" and consideration "of various remedies."

20.     The Schedule 13D filed by the Moore Defendants, the Kiel Defendants and the Gold Defendants, dated June 3, 2014, failed to disclose that the investment purpose was to take control of Sitestar and finally disclosed that the Moore Defendants, the Kiel Defendants and the Gold Defendants were part of a group.

21.     Defendants have continued to violate the securities laws with a proxy solicitation seeking to call a special shareholder meeting to elect a slate of nominees to Sitestar's board of directors as part of a plan to change or influence control of Sitestar.

22.     Defendants' definitive proxy statement on Schedule 14A, filed with the SEC on January 20, 2015 (the "Moore Proxy"), is materially false and misleading. Defendants failed to disclose, among other things, the extent of Defendants' coordinated efforts and their contracts, arrangements, understandings or relationships relating to shares of Sitestar. Defendants also failed to disclose that a resolution must be passed before the number of actual directors of Sitestar can be increased from three (3) to nine (9). Defendants also failed to disclose the details of the January 12, 2015 Board meeting in which Defendant Jeffrey Moore participated and the amended bylaws passed at that meeting, or that the Sitestar Board indicated that a three (3) member Board slate would be run for a shareholder meeting to be called in March 2015, and that Defendant Jeffrey Moore would not be on that slate.  Finally, in addition to other misstatements, the Moore Proxy fails to state that the February 12, 2015 special meeting has not been properly called.

23.     The declaratory and injunctive relief sought herein is necessary, among other reasons, to prevent Defendants from benefitting from their wrongdoing and to provide Sitestar shareholders with all information to which they are entitled. Proper disclosure will allow Sitestar shareholders to evaluate fairly their investment in Sitestar and any actions relating to Sitestar, including the election of directors. Without truthful information about Defendants' holdings in Sitestar securities,

Defendants' motives for acquiring those securities, Defendants' plans for Sitestar and the extent of their relationships with other parties regarding their interest in Sitestar, shareholders will be irreparably harmed.

24.    Defendants should be prohibited acquiring additional shares of Sitestar and should be prohibiting from voting any proxies until accurate and compliant Schedule 13D and Schedule 14A disclosures have been filed.

## JURISDICTION AND VENUE

25.    This action arises under §§ 13(d) and 14(a) of the '34 Act, 15 U.S.C. §§ 78m(d), 78n(a) and the rules and regulations promulgated thereunder by the SEC.

26.    Jurisdiction over the subject matter of this action is based upon 28 U.S.C. §§ 1331, 1332, 1367 and § 27 of the '34 Act, 15 U.S.C. § 78aa.

27.    Venue in this district is proper pursuant to § 27 of the '34 Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(d).

28.    Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 because an actual controversy exists regarding Defendants' compliance with Sections 13(d) and 14(a) of the '34 Act.

29.    Plaintiff Sitestar is a publicly traded corporation incorporated under the laws of Nevada and headquartered in Lynchburg, Virginia. Sitestar has Internet and Real Estate businesses. Sitestar is an Internet solutions provider that offers consumer and business grade Internet access, wholesale managed modern services for downstream ISPs, web hosting and other value added services. Sitestar's real estate group invests in, refurbishes and markets real estate for resale. The increase in real estate sales marks the beginning of the Company's efforts to turn investments of excess cash from the Internet division into a new revenue stream. With the increased inventory of real estate investments, the sales should become a more prominent source of revenue.

30.    Shares of common stock of Sitestar are traded on the OTCQB venture stage marketplace under the symbol "SYTE."

31.    Defendant Jeffrey I. Moore ("Jeffrey Moore") is an individual residing in the State of Kentucky. He claims to own 5,423,373 shares of Sitestar common stock.

AKERMAN LLP

1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1    32.    Defendant Julia H. Moore is an individual residing in the State of Kentucky. She

2    claims to own 758,489 shares of Sitestar common stock.

3    33.    Defendant Jay B. Moore is an individual residing in the State of Kentucky. He claims

4    to own 648,675 shares of Sitestar common stock.

5    34.    Defendant William T. May ("May") is an individual residing in the State of

6    Kentucky. He claims to own 218,000 shares of Sitestar common stock.

7    35.    Defendant Anna K. May is an individual residing in the State of Kentucky.

8    36.    Defendant M&M Investments is a business with its principal office located in the

9    State of Kentucky. M&M Investments claims to own 1,187,360 shares of Sitestar common stock.

10    37.    Defendant Arquitos Capital Partners, LP is a business with its principal office located

11    in the State of California.

12    38.    Defendant Arquitos Capital Management, LLC is a business with its principal office

13    located in the State of California.

14    39.    Defendant Steven L. Kiel ("Kiel") is an individual residing in the State of California.

15    He claims to own 4,580,260 shares of Sitestar common stock.

16    40.    Defendant Alesia Value Fund LLC is a business with its principal office located in

17    the State of California.

18    41.    Defendant Alesia Asset Management LLC is a business with its principal office

19    located in the State of California.

20    42.    Defendant Christopher Olin ("Olin") is an individual residing in the State of

21    California.

22    43.    Defendant Jeremy K. Gold ("Gold") is an individual residing in the State of

23    California. He claims to own 3,088,183 shares of Sitestar common stock.

24    44.    Defendant Thomas B. Braziel ("Braziel") is an individual residing in the State of New

25    York.

26    45.    Defendant Jeremy K. Deal ("Deal") is an individual residing in the State of

27    California.

28

{30266166;1}                                          7

46.     Defendant Rodney Lake ("Lake") is an individual residing in the District of Columbia.

47.     Defendant Tobias B. Shute ("Shute") is an individual residing in the District of Columbia. He claims to own 287,600 shares of Sitestar common stock.

48.     Defendant David Waters ("Waters") is an individual residing in the State of Pennsylvania.

### **Defendants' Failure to Comply With the Securities Laws – Section 13(d)**

49.     Section 13(d) of the '34 Act requires any person acquiring beneficial ownership of more than 5 percent of a corporation's common stock to disclose within 10 days of the acquisition certain information to the corporation, the SEC, and the exchanges on which the stock is traded.

50.     Among the information that must be provided is:

"(B) the source and amount of the funds or other consideration used or to be used in making the purchases, and if any part of the purchase price is represented or is to be represented by funds or other consideration borrowed or otherwise obtained for the purpose of acquiring, holding, or trading such security, a description of the transaction and the names of the parties thereto….;

(C) if the purpose of the purchases or prospective purchases is to acquire control of the business of the issuer of the securities, any plans or proposals which such persons may have to liquidate such issuer, to sell its asserts to or merge it with any other persons, or to make any other major change in its business or corporate structure;

(D) the number of shares of such security which are beneficially owned, and the number of shares concerning which there is a right to acquire, directly or indirectly, by (i) such person, and (ii) by each associate of such person, giving the background, identity, residence, and citizenship of each such associate; and

(E) information as to any contracts, arrangements, or understandings with any person with respect to any securities of the issuer, including but not limited to transfer of any

{30266166;1}                                          8

securities, joint ventures, loan or option arrangements, puts or calls, guaranties of loans, guaranties against loss or guaranties of profits, division of losses or profits, or the giving or withholding of proxies, naming the persons with who such contracts, arrangements, or understandings have been entered into, and giving the details thereof."

51.     Copies of certain materials must be appended as exhibits to the disclosure and the SEC has prescribed Schedule 13D as the official form for compliance with the statute. 17 C.F.R. §§ 240.13d-1, 240.13d-101.

52.     Section 13(d)(3) of the '34 Act states that "when two or more persons act as a . . . group for the purpose of acquiring, holding or disposing of securities of an issuer, such . . . group shall be deemed a 'person' for the purposes of this subsection."

53.     Defendants, in their Schedules 13D misrepresent the facts concerning the formation of the Defendants' Group.

54.     As noted above and below, Defendants acted as a Group for the purpose of acquiring, holding or disposing of securities of Sitestar.  When they acquired beneficial ownership collectively of more than five percent (5%) of Sitestar's common stock, they were required to disclose within ten (10) days of the acquisition certain information to the corporation, the SEC, and the exchanges on which the stock is traded, certain information concerning their acquisition of shares of Sitestar common stock and their plans for Sitestar, as well as Defendants' contracts, arrangements, understandings or relationships relating to shares of Sitestar common stock.

55.     In connection with their investment in shares of Sitestar common stock, Defendants formulated a plan to make major changes in Sitestar's corporate and business structure, to aggrandize their own personal aims and investments. To this end, on July 1, 2011, Jeffrey Moore began accumulating shares in Sitestar.

56.     On January 18-20, 2012, Jeffrey Moore and May (who is related to Jeffrey Moore) allegedly traveled to Virginia to verify ownership and examine Sitestar's real estate holdings. The Moore Defendants formed a Group for purposes of the securities laws on or before that trip. The

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

Moore Defendants formed a Group for purposes of the securities laws, including § 13(d), on or before January 18, 2012. That Group was not timely disclosed.

57.     As noted above, the Schedules 13D filed by the Moore Defendants on or about May 31, 2012 and June 13, 2012 are materially false and misleading. The Moore Defendants failed to disclose, among other things, the extent of Defendants' coordinated efforts and their contracts, arrangements, understandings or relationships relating to shares of Sitestar, and Defendants' plans to change or influence control of Sitestar. That Schedule 13D indicates that the purpose of the transactions was investment. That was false; the purpose was control.

58.     On September 24, 2012, Arquitos Capital Partners, LP, controlled by Kiel, began accumulating shares in Sitestar.

59.     On June 24, 2013, Gold began accumulating shares in Sitestar.

60.     On June 29, 2013, Jeffrey Moore and Kiel allegedly toured numerous Sitestar properties. As noted above, prior to that date, the Kiel Defendants joined the Moore Defendants in a Group for purposes of the securities laws, including § 13(d), perhaps as early as September 2012, and surely no later than June 29, 2013. That Group was not timely disclosed.

61.     The Gold Defendants joined the Moore Defendants and the Kiel Defendants in a Group for purposes of the securities laws, including § 13(d), perhaps as early as June 2013, and surely no later than December 2013. That Group was not timely disclosed.

62.     On August 28, 2013, Arquitos Capital Partners, LP sent a letter to Frank Erhartic ("Erhartic"), the CEO of Sitestar, and Daniel Judd ("Judd"), the CFO of Sitestar. The letter suggested adding Jeffrey Moore as a director. That letter also advised that Arquitos Capital Partners, LLC owned 3.5% of the stock of Sitestar and that it had been in contact with several other stockholders. On September 24, 2013, Kiel held a conference call with Erhartic and Judd to discuss the August 28, 2013 letter. Kiel suggested holding a shareholder meeting and adding Jeffrey Moore as a director, confirming the Group status of the Kiel Defendants and the Moore Defendants.

63.     On September 27, 2013 Alesia Value Fund LLC, controlled by Gold, began accumulating shares in Sitestar.

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

64.     Jeffrey Moore was added to the Sitestar Board on October 21, 2013, with a term to last until the Company's next shareholder meeting.   The Board held two meetings in December 2013.

65.     On January 3, 2014, the Kiel Defendants and JDP Capital Management, an entity controlled by Deal, delivered a letter to Frank Erhartic, the CEO and largest shareholder of Sitestar, offering to purchase no less than 12 million shares from him personally.   That plainly indicated the control purpose of the Kiel Defendants, and that JDP Capital Management and Deal were part of a Group for purposes of the securities laws, including § 13(d).   No Schedule 13D was filed.

66.     As noted above, the Schedule 13D filed by the Moore Defendants, and dated January 29, 2014, was false and misleading.   It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Kiel Defendants and Gold Defendants in a Group with the Moore Defendants.

67.     On April 16, 2014, Arquitos Capital Partners, LP, Arquitos Capital Management, LLC, and Kiel filed a Section 13D disclosing that it had acquired in excess of five percent of Sitestar common stock. The Schedule 13D filed by the Kiel Defendants, and dated April 16, 2014, was false and misleading.   It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Moore Defendants and Gold Defendants, as well as JDP Capital Management and Deal, in a Group with the Kiel Defendants.

68.     The Schedule 13D filed by the Moore Defendants, based on an event dated April 17, 2014, was false and misleading, and misdated on the signature page.   It failed to disclose that the investment purpose was to take control of Sitestar and failed to disclose the participation of the Kiel Defendants and Gold Defendants in a Group with the Moore Defendants, despite "communications with other shareholders" and consideration "of various remedies."

69.     On June 2, 2014, Jeffrey Moore and Arquitos Capital Partners, LP delivered a letter to Sitestar demanding to inspect the books and records of Sitestar. That letter also requested a meeting with the Company.   The Schedule 13D filed by the Moore Defendants, the Kiel Defendants and the Gold Defendants, dated June 3, 2014, failed to disclose that the investment purpose was to

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{30266166;1}                                                    11

take control of Sitestar and finally disclosed that the Moore Defendants, the Kiel Defendants and the Gold Defendants were part of a group.

### Defendants' Failure to Comply With the Securities Laws – Section 14(a)

70.     On January 20, 2015, the Defendants filed a definitive proxy statement with the Securities and Exchange Commission (the "SEC"), previously defined as the Moore Proxy. The January 20, 2015 proxy statement states that the Defendants are calling a special meeting of the shareholders on February 12, 2015. The Moore Proxy also nominates a slate of nine proposed director candidates for election at the February 12, 2015 meeting. Those candidates are Defendants' Jeffrey Moore, Kiel, Gold, Braziel, Deal, Lake, May, Shute and Waters.

71.     Section 14(a) of the '34 Act and the rules promulgated thereunder govern the solicitation of proxies. Rule 14a-9 provides that "[n]o solicitation subject to this regulation shall be made by means of any proxy statement . . . which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a- 9.

72.     Schedule 14A is the official form for compliance with Section 14(a) and requires anyone who would solicit proxies to disclose, among other things, the number of shares of the issuer which are beneficially owned and information as to any contracts, arrangements, understandings or relationships with any person with respect to that interest.

73.     The Rules promulgated under the '34 Act attribute beneficial ownership to any person who:

   a.   "directly or indirectly, through any contract, arrangement, understanding, relationship, or otherwise has or shares: (1) Voting power which includes the power to vote, or to direct the voting of, such security; and/or, (2) Investment power which includes the power to dispose, or to direct the disposition of, such security," 17 C.F.R. § 240.13-d(3)(a);

   b.   "directly or indirectly, creates or uses a trust, proxy, power of attorney, pooling arrangement or any other contract, arrangement, or device with the purpose or effect of divesting such person of beneficial ownership of a security or preventing the vesting of such beneficial ownership as part of a plan or scheme to evade the reporting requirements," 17 C.F.R. § 240.13d-3(b);

   c.   acquires an interest in a warrant, opinion, convertible security or the like "with the purpose or effect of changing or influencing the control of the issuer, or in connection with or as a participant in any transaction having such purpose or

effect, [who] immediately upon such acquisition shall be deemed to be the beneficial owner of the securities which may be acquired through the exercise or conversion of such security or power," 17 C.F.R. § 240.13d-3(d); or

    d.  has an interest in a security that gives that person "the right to acquire beneficial ownership of such security…within sixty days," 17 C.F.R. § 240.13d-3(d).

74.    As mentioned above, § 13(d)(3) of the '34 Act states that "when two or more persons act as a . . . group for the purpose of acquiring, holding or disposing of securities of an issuer, such . . . group shall be deemed a 'person' for the purposes of this subsection."

75.    Defendants, in the Moore Proxy on Schedule 14A, misrepresent the facts concerning the formation of the Defendants' Group.

76.    As noted above, Defendants acted as a Group for the purpose of acquiring, holding or disposing of securities of Sitestar much earlier than disclosed.

77.    Rule 14a-9 provides that "No solicitation subject to this regulation shall be made by means of any proxy statement . . . which omits to state any material fact necessary in order to make the statements therein not false or misleading."

78.    In the Moore Proxy, Defendants' falsely state that their nominees, if elected, are "committed to making Sitestar strong and more profitable." Defendants, in fact, intend to gain control of Sitestar to advance their own purposes, selling off assets and unfairly profiting as a result. The Moore Proxy fails to disclose that the intention of the nominees is to liquidate the Company, turn a quick profit, and move on to other investments.

79.    Since as early as 1999, Sitestar has had a three member board. Article II, Section 3 of the original Sitestar bylaws ***authorizes up to nine*** (9) members of the board of directors.  The maximum number of Directors shall be nine (9) until changed by a duly adopted amendment to the Articles of Incorporation or by an amendment to this by-law adopted by the vote or written consent of holders of a majority of the outstanding shares entitled to vote.

80.    Article II, Section 3 of the Sitestar bylaws, as amended January 12, 2015,  confirms that the maximum number of Directors shall be not less than one (1) nor more than nine (9) until changed by a duly adopted amendment to the Articles of Incorporation or by an amendment to this by-law adopted by the vote or written consent of holders of a majority of the outstanding shares

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP

1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   entitled to vote; and that the exact number of directors may be fixed within the limits specified by

2   resolution adopted by the vote of the majority of directors in office or by the vote of holders of

3   shares representing a majority of the voting power at any annual meeting, or any special meeting

4   called for such purpose; but no reduction of the number of directors shall have the effect of

5   removing any director prior to the expiration of his term.

6        81.   Jeffrey Moore and the other Defendants know that the existing number of directors is

7   three (3). Jeffrey Moore was present at the meeting of the Board where the amended bylaws were

8   adopted.  Jeffrey Moore knew that the Company intended to call an annual meeting of shareholders

9   in March 2015 and run a slate of three (3) directors.

10        82.   That is confirmed by the original bylaws as well:  Article VIII allows the shareholders

11   or the Board to amend the bylaws, but the Board may not increase the number of ***authorized*** – that

12   is, the maximum number of – directors.   The Board is not barred from increasing or setting the

13   number of ***actual*** directors.

14        83.   In the Moore Proxy, Defendants indicate that they are running a slate of nine (9)

15   director candidates. Defendants know that to increase the actual size of the Board from three (3) to

16   nine (9) there must be a resolution adopted by the vote of the majority of directors in office or by the

17   vote of holders of shares representing a majority of voting power. The Moore Proxy omits that, in

18   accordance with Article II, Section 3 of the Sitestar bylaws, there must be a shareholder vote to

19   approve the number of actual directors from three (3) to nine (9).

20        84.   The Moore Proxy sets the Special Meeting for February 12, 2015 in New Canaan,

21   CT.  That date and location are both improper, and the Moore Proxy is false and misleading in that

22   regard.

23        85.   Sitestar has no connection with New Canaan, CT.  Sitestar is a Nevada corporation

24   with its principal place of business in Lynchburg, VA. The Company leases a 7,200 square feet

25   office facility in Lynchburg, Virginia which serves as its corporate office. The Company leases a

26   2,000 square foot office facility in Chatham, Ontario where it sells internet services under the name

27   of NetRover.  The Company's real estate business involves properties located in Virginia.

28

1
2
3
4

86.     The Moore, Kiel and Gold Defendants sent a letter to the Company dated November 7, 2014, calling a special meeting on January 5, 2014. The Moore, Kiel and Gold Defendants sent another letter to the Company dated December 19, 2014, calling a special meeting on February 12, 2014, with a record date of January 7, 2015.

5
6

87.     There was no legitimate reason given for the change in date of the notice special meeting.  As a result, the change in date was ineffective and contrary to Nevada law.

7
8
9

88.     The Moore Proxy falsely describes, and grossly so, the qualifications of its proposed directors.  For example, the Moore Proxy falsely states that all members of the slate have significant capital allocation experience.  They do not.

10
11

89.     The Moore Proxy falsely describes and overstates the real estate experience of their nominees, individually and as a Group.

12
13

90.     The Moore Proxy also falsely states that Defendant Braziel has experience in corporate governance and falsely states his investment and board experience.

14
15
16

91.     The Moore Proxy falsely states that Jeffrey Moore has experience in real estate investment and management and experience with other investments, and its relevance to Board qualifications.

17
18

92.     The Moore Proxy falsely state Defendant Kiel's financial, leadership, and legal experience, and its relevance to Board qualifications.

19
20

93.     The Moore Proxy falsely states Defendant Gold's experience in evaluating investment decisions, and its relevance to Board qualifications

21
22

94.     The Moore Proxy false states Defendant Deal's financial and operational experience, and its relevance to Board qualifications.

23
24

95.     The Moore Proxy falsely states Defendant Lake's financial and capital allocation experience, and its relevance to Board qualifications.

25
26

96.     The Moore Proxy falsely states Defendant May's experience in residential real estate, and its relevance to Board qualifications.

27
28

97.     The Moore Proxy falsely states Defendant Shute's experience in evaluating investment decisions, and its relevance to Board qualifications.

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

98.     The Moore Proxy falsely states Defendant Water's financial and capital allocation experience, and its relevance to Board qualifications.

99.     The Moore Proxy falsely states that Jeffrey Moore expressed concern about the slow pace of construction work in a visit in July 2013.

100.    The Moore Proxy falsely states that Kiel and Jeffrey Moore had not discussed adding Jeffrey Moore to the Board of Sitestar prior to August 28, 2013.

101.    The Moore Proxy falsely describes the visit by Jeffrey Moore on or after October 15, 2013.  During the visit, Jeffrey Moore tried to turn employees against executives of the Company, and was openly critical of the Company's management.

102.    The Moore Proxy falsely indicates that Mr. Erhartic had indicated prior to January 3, 2014, that he was interested in selling a large number of shares.  On the contrary, Mr. Erhartic told Kiel that he was not interested, but Kiel insisted that Mr. Erhartic look at the proposal, which Mr. Erhartic did, and reiterated that he did not want to sell.

103.    The Moore Proxy falsely describes the errors in the 10-K filing.  The errors had to do with Jeffrey Moore's age, address and number of shares. The Company's auditors recommended against correcting those immaterial errors.

104.    The Moore Proxy misleadingly fails to describe why no meeting took place on June 12, 2014.  Mr. Erhartic was out of town on vacation, the visit by Jeffrey Moore and Kiel was unannounced, and no meeting was proper without Mr. Erhartic being present.

105.    All of the misstatements and omissions set forth above in ¶¶ 48 - 103 are material to shareholders in deciding how to vote.

## CLAIM ONE
### (Violations of § 14(a) of the '34 Act)

106.    Sitestar repeats the allegations of proceeding paragraphs 1 through 104 as if fully set forth herein.

107.    Defendants violated § 14(a) and the rules and regulations promulgated thereunder by filing and disseminating the false and misleading Moore Proxy.

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{30266166;1}

108.   As set forth above, the Moore Proxy in false and misleading in numerous respects.

109.   The omissions and misrepresentations in the Moore Proxy concern information material to Sitestar shareholders and to the investing public.

110.   Sitestar's shareholders and the investing public will be irreparably harmed in the absence of the declaratory and equitable relief as prayed for herein.

## CLAIM TWO
### (Violations of § 13(d) of the '34 Act)

111.   Sitestar repeats the allegations of preceding paragraphs 1 through 109 as if fully set forth herein.

112.   Defendants violated § 13(d) and the rules and regulations promulgated thereunder by filing the false and misleading Schedules 13D described above, and by failing to file Schedules 13D as required by law.

113.   The failure of the Defendants to timely make disclosure and the omissions and misrepresentations in the Defendants' Schedules 13D concern information material to Sitestar shareholders and to the investing public.

114.   Sitestar's shareholders and the investing public will be irreparably harmed in the absence of the declaratory and equitable relief as prayed for herein.

WHEREFORE, Sitestar prays for relief:

(a) Declaring that Defendants failed to file timely, complete and accurate disclosures in violation of §§ 13(d) and 14(a) of the '34 Act;

(b) Directing that Defendants file truthful and accurate Schedules 13D and 14A disclosures, in compliance with the applicable rules and regulations, forthwith;

(c) Enjoining Defendants from acquiring additional shares of Sitestar until accurate and compliant Schedules 13D and 14A disclosures have been filed;

(d) Enjoining Defendants from voting any proxies received prior to such time as the Court ascertains that Defendants have filed accurate and compliant Schedules 13D and 14A disclosures

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

1   and that the public has been given adequate time to review and consider such complaint Schedules

2   13D and 14A disclosures;

3         (e) Granting leave to Sitestar to conduct expedited discovery with respect to the claims

4   alleged herein; and

5         (f) Granting such other and further relief as the Court may deem just and proper.

6         DATED:  January 29th, 2014.

7

8                                          AKERMAN LLP

9                                          /s/ William S. Habdas
                                           _____
10                                         DARREN T. BRENNER, ESQ.
                                           Nevada Bar No. 8386
11                                         WILLIAM S. HABDAS, ESQ.
                                           Nevada Bar No. 13138
12                                         1160 Town Center Drive, Suite 330
                                           Las Vegas, Nevada 89144
13
                                           IRA S. SACKS, ESQ.
14                                         New York Bar No. 1040237
                                           (pro hac vice pending)
15                                         MARK S. LAFAYETTE, ESQ.
                                           New York Bar No. 1969054
16                                         (pro hac vice pending)
                                           SCOTT M. KESSLER, ESQ.
17                                         New York Bar No. 4242905
                                           (pro hac vice pending)
18                                         ERIKA STALLINGS, ESQ.
                                           New York Bar No. 4958047
19                                         (pro hac vice pending)
                                           666 Fifth Avenue, 20th Floor
20                                         New York, New York 10103
                                           Telephone:(212) 880-3800
21                                         Facsimile: (212) 880-8965
                                           Email:  ira.sacks@akerman.com
22                                         Email:  mark.lafayette@akerman.com
                                           Email:  scott.kessler@akerman.com
23                                         Email:  erika.stallings@akerman.com

24                                         Attorneys for Plaintiff

25

26

27

28

AKERMAN LLP
1160 Town Center Drive, Suite 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{30266166;1}                               18